Virginia George Brady appearing on behalf of the appellant, Vernon Elliott. In this case what we are asking the court is to review in particular the language of the regulation 38 CFR 3.326, which pertains to VA examinations and evidence being adequate for rating purposes in order for VA to make a decision on compensation disability claims. The actual language of the regulation provides that where there is a claim for disability compensation and medical evidence is not adequate for rating purposes, then a VA examination will be authorized. Subsection B of that regulation provides that unless the examination is provided that it is otherwise adequate for rating purposes, then the examination will be accepted. In this case in particular the CAVC found that the examination was adequate and in particular the issue that we are raising for the court is the finding by the court that the examiner's obligation does not extend to having to review all of the favorable evidence in the record and address it in that opinion. We are not asking this court to make a finding of fact or to even review necessarily the underlying evidence and whether that evidence was relevant or material. What we are asserting or what we are asking is for the court to examine that language with respect to adequate for rating purposes and what the examiner's obligation is, what the VA examiner's obligation is in terms of providing an examination that is adequate for rating purposes. What we are asking is that saying that and reading into that, that an examiner's obligation includes having to review all of the favorable evidence of the record and reconciling that with the question that the examiner is being asked. Examinations are requested for various purposes, whether or not a disability is related to a veteran's service, whether or not a veteran suffers from a particular condition, whether the veteran has certain diagnostic criteria that would entitle that veteran to a higher rating for a condition that is already service-connected. What is the evidence you think that the examiner failed to consider? In this case, we argued at the Court of Appeals for Veterans Claims that that evidence consisted of evidence that the veteran had psychiatric symptomatology while he was in service and after service. In fact, there was a diagnosis of schizophrenia in 1983 that was not addressed by the VA examiner's opinion. The VA examiner did not address that evidence or explain why that evidence wasn't indicative of a psychiatric disability existing prior to 2001, which is what the VA examiner's opinion basically said in this case. Was that evidence in the file? That evidence was in the file. Yes. Yes, Your Honor. And on what basis do you conclude that it was not considered? If you look at the VA, what we argued at the CAVC was that looking at the examination report, which is included in the appendix. Sorry, let me, I can tell you the page. The examiner's report, which is in the Joint Appendix at 592 to 596 and 597, I believe. When you review that examiner's report, the examiner did not discuss that evidence, that medical history, any of that evidence pertaining to psychiatric problems and diagnoses that the veteran suffered prior to 2001. But the rule doesn't say anything about what must be discussed. That's absolutely true. And, in fact, that's what Judge Hagel with the Court of Appeals for Veterans Claims found, that the examiner does not have an obligation to review all the favorable evidence of record. So we are asking that the Court look at that language and construe that in a way that says that, yes, that does, there is an implicit obligation imposed upon the examiner. And the reason we argue or that we assert that is because, alternatively, if the examiner does not address that evidence, then that does leave the adjudicator in the position of having to examine that evidence and essentially second-guess the medical opinion. Because the VA has to rely upon that medical opinion in order to make a decision on the claim. It's an opinion that requires medical expertise, whether or not a disability is related to service, or for whatever purpose that examination is requested. If that examination doesn't adequately address or provide adequate medical evidence that entitles or that allows the BVA or the VA or whoever the adjudicator is to make that decision, then what you're doing is putting that adjudicator in the position of having to act as a medical expert without the requisite qualifications. And that is one of the things that Judge Hagel also said in his opinion, was that we were confusing the duties of the examiner and the adjudicator. What I would say is that the duties of the examiner require the examiner to look at all of the favorable medical evidence that pertain to the question the examiner is being asked. But if the evidence is in the record, and the record is complete, aren't you asking us to weigh the evidence? No, I'm not asking you to look. Are you considering the factors that were presented and trying to weigh point A more than point B? No, Your Honor, I'm not. What we are asking is for a rule of law with respect to what constitutes and what the examiner's obligation is. On remand, back to the Court of Appeals for Veterans Claims, it is the Court of Appeals for Veterans Claims to determine whether that evidence was in the record, whether it was relevant and material to the examiner's decision, and whether the examiner then should have addressed it. That is, in fact, what we tried to argue to the Court of Appeals for Veterans Claims, but the Court refused to look at that evidence and instead said the examiner didn't have an obligation to look at that evidence and then refused to also look at that evidence to determine whether or not it was relevant and material. I didn't understand them to say the examiner had no obligation to look at the evidence. I understood them to say the examiner had no obligation to discuss the evidence. And I agree that there is a distinction there. In that I think therein lies, I think, Hagel's finding that we are confusing the duties of the adjudicator with the examiner because certainly the Board has an obligation to provide reasons and basis for its finding. The examiner does not have an express obligation within the regulations. However, what we would assert is that there is no other way for the Board to know whether the examiner has considered that or whether it's an adequate opinion. It might well be good policy. Everything that you're saying might well be good policy, but we're not policy makers. We're not policy deciders. All we can do, especially in veterans' cases, as you well know, is interpret law. And I look at the regulation that you cite, 3.326, and all it says is that when medical evidence accompanying the claim is not adequate for rating purposes, the VA can order an examination. Yes. I don't see how from that language I'm supposed to extrapolate that the VA examiner has to articulate and discuss every piece of evidence that favors the claim. While it might well be good policy, as an appellate court, I don't see how we can give you what you're asking for. Yeah. And I see the obstacle. You know, what we would assert is that there needs to be some, I think, clarification in law of what constitutes an adequate examination and what those examiner's obligations are. And I think that the Court has an avenue for doing that because the Court can construe adequate for rating purposes. What is an examination which is adequate for rating purposes? What does that entail? There certainly is a line of CAVC case law that pertains to that question and finds, you know, that this means adequate, this means not adequate, et cetera. And so sort of asking Federal Circuit. But this doesn't say that medical evidence accompanying a claim is not adequate for rating purposes. Department examination will be authorized. So this doesn't say what has to be discussed in an opinion. And the adequate for rating purposes isn't whether the opinion is adequate for rating purposes. It's whether or not the medical evidence accompanying a claim is adequate. And if not, then the VA will conduct its own medical. That's correct. And that's why I also discussed subsection B of that regulation, which also says that provided that an examination is adequate for rating purposes, then no further examination will be required. And so it is the entire regulation. It's sort of those first two subsections read in tandem. So if the Court has no other questions. Thank you. Thank you. Ms. Hogan. Good morning, Your Honors. May it please the Court. The Court should dismiss the appeal for two reasons. First, the Court did not interpret, let alone misinterpret, 38 CFR 3.326 or any other statute or regulation when it concluded, as a matter of fact, that the medical examination was adequate to permit the Board to reach an informed decision. Second, Mr. Elliott has not alleged that there was any relevant evidence that was not before the medical examiner when reaching his decision. And so Mr. Elliott is asking this Court to decide a hypothetical question as to what adequate medical reports would be generally. There's really nothing in the plain language of 38 CFR 3.326 that requires any recitation of specific pieces of evidence. And as the Court can observe from the medical examination report, the medical examiner did state, these are the pieces of evidence that were before me. I also had a one-hour clinical interview with Mr. Elliott. Did he state that that piece of evidence, the 1975 diagnosis of schizophrenia, was before him? He did not specifically say that. What he did say was that he said, these are the pieces of evidence that were before me, which is what you just said, and he didn't articulate this one. Why can't we extract from that the fact that he failed to look at it at all, not just failed to discuss it? That piece of evidence was in the claims file, and page 592, the medical examiner says that this evaluation is based upon the review of the C file, the claims file, the computerized medical file, and a one-hour clinical interview. Since there's no allegation that that piece of evidence was not in the claims file, this Court should assume that all the evidence that was within those files were reviewed and considered by the medical examiner when reaching his conclusion. Am I correct that the regulation 3.326 talks essentially about when an examination is in order or not, and not necessarily the probative value or veracity of a doctor's report? Correct, Your Honor. All 3.326 does is authorize the VA to procure a medical examination when the evidence that's presently in the file is not sufficient for the VA to reach a medical conclusion. So the adequacy question relates to whether an examination is called for or not? Correct, Your Honor. Not whether a report from a doctor is sufficiently complete or sufficiently comprehensive as to have probative effect or not? Nothing in 3.326 speaks to that, Your Honor. But the record still has to be complete, and so the record, if there's a piece of evidence missing, then the application of 3.326 would take effect, wouldn't it? Because the adequacy would not be effective if there's a piece of evidence missing from the record? Well, what 3.326 gets at is when there's a claim, here's all the evidence that's presented, and there's just still not enough information for a rating specialist or the board to reach an informed decision. But there's an underlying assumption in that regulation that the record is complete. There's an underlying assumption consistent with the VA's duty to assist, that to the extent that the VA has an obligation to collect medical records that are within its possession or other records within the government, that that duty to assist is met. There may certainly be other medical records out there somewhere that the VA can assist in obtaining, but all of that is a prerequisite to once the VA has done this record, found all these records, brought them to the rating specialist, the rating specialist reviews it and still says, I don't have enough information to really reach an informed decision. Then the VA is authorized to procure this medical opinion as it did in this case. Ms. Rowley suggests that without an adequate medical examination report that the rating specialist or the board will be in the position of making medical opinions that they're not qualified to make. And the Veterans Court was correct in explaining these different roles that the medical examiner has, which is to answer the questions that are posed by the VA. And the rating specialist, whose duty it is to examine all the evidence, reconcile what might be conflicting evidence, and reach a conclusion as to whether there's a disability and what the level of disability is. And that is to set forth in 38 CFR 4.2. So there's certainly nothing inconsistent with that statement. And I would point out to the court, as we did in our brief, that the Veterans Court has not hesitated to remand cases back to medical examination or back to the board where it has found that the medical examination report was inadequate as a matter of fact. That did not happen here. The Veterans Court found that it was more than sufficient to reach a decision, and it did so here. This court has no further questions. I respectfully request that the court dismiss the appeal for lack of jurisdiction. Thank you. Really, unless the court has any additional questions, I don't have anything further to add. Thank you very much. The case is submitted.